MENDENHALL-MOORE REALTORS v. CAROL SEDORIS

No. 8718DC638

(Filed 5 April 1988)

**1. Landlord and Tenant § 8— leased dwelling—hot water heater—duty to repair**

 N.C.G.S. § 42-42 does not *per se* require that a dwelling have a serviceable hot water heater for it to be fit for habitation. However, where defendant's leased apartment includes a hot water heater, the statute requires the landlord to maintain the heater in good working order and to repair it upon receiving notice that it is defective.

**2. Landlord and Tenant § 8— leased dwelling—defective hot water heater—recovery of rent paid**

 Under N.C.G.S. § 42-42, a tenant is entitled to decline taking possession of leased premises where a landlord fails to provide and maintain any services agreed upon at the time the lease was executed, and defendant tenant was therefore not obligated to pay rent while she was not in possession of the premises because of a defective hot water heater and may recover rent paid for that period. Additionally, defendant may recover the difference between the fair market rental value of the premises in their defective condition and the rent actually paid for any period in which defendant occupied the premises while defective.

**3. Landlord and Tenant § 8— defective hot water heater—acceptance of premises not waiver**

 Defendant tenant's acceptance of the premises while the hot water heater had not been repaired did not waive defendant's rights to recover for the defect. N.C.G.S. § 42-42(b).

APPEAL by defendant from *Vaden, William A., Judge.* Order entered out of session 8 May 1987 in GUILFORD County District Court. Heard in the Court of Appeals 11 January 1988.

 This appeal arises out of plaintiff's action for summary ejectment filed 11 September 1985 to recover rent owed for the period 1 September to 20 September 1985 and to regain possession of the demised premises at 1022 Manley Street in High Point. From the magistrate's Order dated 20 September 1985, defendant appealed to the district court filing a counterclaim for two months' rent paid, during which time defendant did not have possession of the premises. The counterclaim was filed against both Mendenhall-Moore (plaintiff) and Myrtle Kearns, the owner of the demised property. By Order dated 15 September 1986, the district court dismissed the case in its entirety as against Myrtle Kearns,

Defendant's amended answer and counterclaim filed 23 September 1986 alleged among other claims and defenses that plaintiff had failed to provide an operable hot water heater in the rental property from 14 June 1983 (the first day of the parties' lease agreement) to 15 August 1983. Although defendant refused to take possession until 15 August 1983 because of the lack of hot water, she continued to pay rent in the amount of $200.00 per month for the two months she was not in possession.

The action was heard by the trial court, sitting without a jury. After hearing the evidence, the trial court made findings of fact, entered conclusions of law, allowed plaintiff's recovery of rent for the period 1 September 1985 to 20 September 1985, but denied defendant's counterclaim for the rent she paid plaintiff for the two months she alleged she was not in possession. Included among the trial court's findings of fact portion of its Order were the following pertinent paragraphs:

3. That the Plaintiff and the Defendant entered into a rental agreement dated June 14, 1983, and this agreement was for the premises located at 1022 Manley Street, High Point, North Carolina. The rent was to be $200.00 a month.

4. That as of June 14, 1983, the Defendant was to move to the premises at 1022 Manley Street and at that time the hot water heater located therein was not in operation.

5. That the Plaintiff signed a contract on July 21, 1983, with a contractor to have a new hot water heater installed, and it was installed. That defendant did not move into the premises until around August 15, 1983. Defendant testified that she didn't move in until then because the hot water heater was not operable, but this reasoning was not conveyed to Mendenhall-Moore. Defendant paid the $200.00 a month rent during this period from June 14th to August 15, 1983, while she chose not to live on the premises.

6. The Court finds that it is not a prerequisite that a dwelling have a serviceable hot water heater for it to be a fit and suitable habitation pursuant to North Carolina General

Statute Chapter 42 and shortly after the water heater was installed the Defendant did accept the premises and took possession of the same from the Plaintiff.

The judgment also contained the following pertinent conclusions of law:

(2) The premises were not unfit for human habitation pursuant to North Carolina General Statute Chapter 42; and

. . .

(4) That Defendant is not entitled to any damages from Mendenhall-Moore Realtors.

*No brief filed by plaintiff.*

*Central Carolina Legal Services, Inc., by Stanley B. Sprague and Robert S. Payne, for defendant-appellant.*

WELLS, Judge.

The manner in which this appeal has been presented complicates its resolution by us. In her brief, defendant has not challenged the trial court's findings of fact, but addresses only its conclusions of law. We note, however, that the trial court's findings of fact include a conclusion of law to the effect that "[It] is not a prerequisite that a dwelling have a serviceable hot water heater for it to be a fit and suitable habitation pursuant to North Carolina General Statute Chapter 42 . . . ."

In her brief, defendant presents her first question as follows:

The landlord breached its duties under G.S. § 42-42 by not supplying any hot water to the tenant during the first two months of her tenancy.

This question is based on defendant's exception to the trial court's "finding" in paragraph 6 of its Order which we have determined to be a conclusion of law. Thus, the first issue we must determine is whether the trial court erred in reaching its conclusion stated in paragraph 6 of the findings of fact and subsequently concluding that defendant was not entitled to any damages from plaintiff.

G.S. § 42-42 provides:

§ 42-42. *Landlord to provide fit premises.*

(a) The landlord shall:

(1) Comply with the current applicable building and housing codes, whether enacted before or after October 1, 1977, to the extent required by the operation of such codes; no new requirement is imposed by this subdivision (a)(1) if a structure is exempt from a current building code;

(2) Make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition;

(3) Keep all common areas of the premises in safe condition; and

(4) Maintain in good and safe working order and promptly repair all electrical, plumbing, sanitary, heating, ventilating, air conditioning, and other facilities and appliances supplied or required to be supplied by him provided that notification of needed repairs is made to the landlord in writing by the tenant except in emergency situations.

(b) The landlord is not released of his obligations, under any part of this section by the tenant's explicit or implicit acceptance of the landlord's failure to provide premises complying with this section, whether done before the lease was made, when it was made, or after it was made, . . . .

[1] We hold that the statute does not *per se* require the furnishing of hot water in residential premises. It is clear, however, under the trial court's findings, that defendant's leased apartment included a hot water heater, and that the heater was not operating at the inception of her lease. We also hold that the statute does require that a landlord shall "(4) Maintain in good . . . working order and promptly repair all . . . plumbing . . . facilities and appliances supplied . . . by him . . . ."

G.S. §§ 42-42(a)(2) and (4), as interpreted by this Court in *Miller v. C. W. Myers Trading Post, Inc.,* 85 N.C. App. 362, 355 S.E. 2d 189 (1987) means that when a landlord has either expressly or implicitly agreed to provide a service to or an appliance in demised property, the same must be supplied or repaired in time

for the tenant to take possession. In other words, G.S. § 42-42 entitles a tenant to the value of the bargain contained in the lease which includes full and adequate operation of services promised by the landlord. The trial court's conclusion stated in paragraph 6 of its findings was therefore in error.

We point out, however, that for liability to attach, the landlord must have had notice of the defect. G.S. § 42-42(a)(4). The trial court's finding of fact No. 5, while indicating that plaintiff had the heater repaired sometime on or after 21 July 1983 and thus had notice at that time, does not make clear when plaintiff was first apprised of the defect nor when, in fact, the defect was repaired. Finding No. 5 suggests that defendant believed the heater was inoperable until 15 August and so refused to take possession until that time, but it does not make clear whether the heater was actually inoperable then. On remand, the trial court is instructed to make clear findings regarding the time plaintiff first became aware of the defect, the existence, if any, of other periods of inoperability, and the date the heater was repaired. Defendant's recovery should then be limited to a valuation computed for the period during which plaintiff had notice of the defect extending through to the time in which the heater was rendered operable.

[2]   Under our interpretation of G.S. § 42-42, a tenant is entitled to decline taking possession of leased premises where a landlord fails to provide and maintain any services agreed upon at the time the lease was contracted. Defendant was therefore not obligated to pay rent while she was not in possession of the defective premises because of the defective hot water heater, and may recover the rent paid for that period. Additionally, the tenant may recover the difference between the fair market rental value of the premises in their defective condition and the value of the rent actually paid for any period in which defendant occupied the premises while defective. On remand, the trial court is required to determine whether the water heater was inoperable at any time during defendant's occupancy and, if so, award damages as discussed above for the duration of the defective condition.

[3]   In her second argument, defendant contends that the trial court's suggestion in finding No. 6 that she had waived any rights to recover for the defect by taking possession of the premises

with the knowledge of the heater's defect and repairs, constituted an incorrect statement of the law under G.S. § 42-42. We agree.

Although neither the trial court's finding nor the defendant's argument on this point are entirely clear, defendant's contention prompts us to reiterate the pertinent law. G.S. § 42-42(b) provides that a tenant's acceptance of defective conditions does not waive the landlord's obligation to provide the services agreed upon by the parties. *See also Miller, supra.* We hold that defendant's subsequent acceptance of the premises while the hot water heater had not been repaired does not waive defendant's rights to recover for the defect.

Because the parties agreed and stipulated that defendant owed plaintiff the sum of $126.67 unpaid rent for the period 1 September 1983 to 20 September 1983, we do not disturb that part of the trial court's order allowing plaintiff to recover that amount from defendant.

Affirmed in part, reversed in part and remanded.

Judges ARNOLD and SMITH concur.